IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSEPH BLAKE MITCHELL                                                                              PLAINTIFF

v.                                  Case No. 3:24-cv-00185-KGB

SHANE RUSSELL, *et al.*                                                                           DEFENDANTS

## ORDER

Before the Court are the Partial Recommended Disposition ("Partial Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 6) and the Recommended Disposition ("Recommendation") submitted by Judge Volpe (Dkt. No. 16). The Court will address the Partial Recommendation and then the Recommendation.

### I.     Partial Recommendation

The Court has reviewed the Partial Recommendation submitted by Judge Volpe (Dkt. No. 6). Plaintiff Joseph Blake Mitchell has not filed any objections, and the time to file objections has passed. Accordingly, after careful consideration, the Court approves and adopts the Partial Recommendation in its entirety as this Court's findings in all respects (*Id.*). Mr. Mitchell may proceed with his due process claims against separate defendants Sheriff Shane Russell and Edith Elliott; Mr. Mitchell's remaining claims and claims against separate defendant Jessica Hess are dismissed without prejudice.

### II.    Recommendation

Before the Court is the Recommendation submitted by Judge Volpe (Dkt. No. 16). Mr. Mitchell has filed objections to the Recommendation (Dkt. No. 17). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes

1

that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 16).

Mr. Mitchell, a pretrial detainee in the Sharp County Detention Center ("SCDC"), filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging that Sheriff Russell and Ms. Elliott violated his due process rights (Dkt. No. 4, at 4–5). On January 28, 2025, Sheriff Russell and Ms. Elliott filed a motion for summary judgment for failure to exhaust administrative remedies (Dkt. No. 13). Sheriff Russell and Ms. Elliott alleged that Mr. Mitchell did not exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a), because Mr. Mitchell did not appeal any of his grievances as required by SCDC's grievance procedure (Dkt. No. 13, ¶¶ 3–8). Mr. Mitchell did not respond to the motion for summary judgment, so Sheriff Russell and Ms. Elliott's statement of indisputable material facts were deemed admitted pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. On March 4, 2025, Judge Volpe recommended that Sheriff Russell and Ms. Elliott's motion for summary judgment be granted, and Mr. Mitchell's due process claims against Sheriff Russell and Ms. Elliott be dismissed without prejudice because, based on the uncontroverted material facts, Mr. Mitchell did not exhaust his administrative remedies as required by the PLRA (Dkt. No. 16, at 4–5).

On March 17, 2025, Mr. Mitchell filed objections claiming that he was never given the opportunity to appeal his rights (Dkt. No. 17, at 1). Mr. Mitchell claims that he "exhausted all the [g]rievance [p]rocedures here at SCDC, the jail doesn't have [g]rievance [f]orms to fill out, and the Sheriff Shane RusseLl and Edith Elliot[sic] the jail administrator has restricted me from filing the [g]rievance [p]rocess on the kiosk." (Id.). Mr. Mitchell further claims that his access to the kiosk is restricted, so he is unable to file digital grievances (Id., at 2).

2

Mr. Mitchell alleges in his amended complaint that on August 7, 2024, he was allegedly charged with using the facility's phone to traffic drugs and has since been restricted from using the phone, law library, and mail for some period of time (Dkt. No. 4, at 4). The record reflects that Mr. Mitchell filed nine hand-written grievances from August 18, 2024, to November 12, 2024 (Dkt. No. 15-3, at 1–12). Per SCDC's grievance procedure, a grievance must be appealed within 48 hours of receipt (Dkt. No. 15-4, at 2–3). Mr. Mitchell claims that he was unable to use the kiosk to file digital grievances; however, the policy allows for hand-written grievances to be received (Dkt. Nos. 17, at 2; 15-4, at 2). Mr. Mitchell claims that SCDC does not have grievance forms to file a hand-written grievance; however, the record reflects that Mr. Mitchell filed nine hand-written grievances over a three-month period (Dkt. No. 17, at 2; 15-3, at 1–12). Moreover, Mr. Mitchell did not appeal any of those grievances using paper, as he had used when filing the grievances at the first step of the grievance process. Therefore, the Court is unpersuaded by Mr. Mitchell's claims that the administrative procedure process at SCDC was unavailable to him. The Court finds that Mr. Mitchell failed to exhaust his administrative remedies pursuant the PLRA.

### III. Conclusion

For these reasons, the Court adopts the Partial Recommendation and Recommendation in their entirety as this Court's findings in all respects (Dkt. Nos. 6; 16). Therefore, it is ordered that:

1. Mr. Mitchell's remaining claims and claims against Ms. Hess are dismissed without prejudice (Dkt. No. 2);

2. Sheriff Russell and Ms. Elliott's motion for summary judgment is granted (Dkt. No. 13);

3. Mr. Mitchell's due process claims against Sheriff Russell and Ms. Elliott are dismissed without prejudice (Dkt. No. 4);

4. The case is closed;

5. The Court grants Mr. Mitchell's motion for copies (Dkt. No. 20) and directs the Clerk of Court to mail to Mr. Mitchell a copy of docket entry 18 in this matter;

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered, this 21st day of August, 2025.

Kristine G. Baker
Chief United States District Judge